IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES W. ORR**                                                                                               **PLAINTIFF**

v.                                                                                               Civil No. 1:14-cv-403-HSO-JCG

**SOCIAL SECURITY DISABILITY**                                        **DEFENDANT**

## REPORT AND RECOMMENDATION

This cause is before the Court *sua sponte*, following *pro se* Plaintiff James W. Orr's failure to respond to two Court Orders [4, 6]. Plaintiff filed his Complaint on October 23, 2014, submitting that "[he] feel[s] [he is] disabled and unable to find gainful employment." Compl. [1] 2.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), grants federal courts jurisdiction over appeals from final decisions of the Commissioner of Social Security. A civil action challenging a final decision of the Commissioner must be commenced within sixty days after notice of the decision is mailed to Plaintiff or within such further time as the Commissioner may allow. 42 U.S.C. § 405(g).

Because it is unclear from Plaintiff's Complaint whether he is challenging a final decision of the Commissioner, the undersigned, on October 29, 2014, ordered Plaintiff to file a written response by November 12, 2014, specifically providing whether Plaintiff is challenging a final decision of the Commissioner. Order [4]. The Court directed Plaintiff to provide a copy of the Commissioner's decision, in the event that he is. Plaintiff was cautioned that failure to timely comply with the Court's Order by filing a written response could result in this case being dismissed without prejudice and without further notice to Plaintiff. The Court's Order [4] was delivered by certified

mail to Plaintiff's address of record and signed for by "Skyler Orr" on October 30, 2014. Ackn. of Receipt [5]. Plaintiff, to date, has not complied with the Court's October 29, 2014, Order [4].

Having received no written response from Plaintiff, the Court entered an Order to Show Cause [6] on February 13, 2015. The Court required Plaintiff to file a written response by February 27, 2015, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's October 29, 2014, Order [4] and again, requiring Plaintiff to file a written response specifically stating whether he is challenging a final decision of the Commissioner. Plaintiff was warned that failure to timely comply with the Court's Order [6] would likely result in dismissal of this case.

A copy of the Court's February 13, 2015, Order to Show Cause [6] was delivered by certified mail to Plaintiff's address of record on February 20, 2015. The undersigned has tracked the certified mail containing the Order through the United States Postal Service's website. The website indicates that an authorized recipient was not present at Plaintiff's address of record at the time of delivery on February 20, 2015. A notice was left by the mail carrier advising Plaintiff that he could retrieve the certified mail at the Post Office or arrange for redelivery. The Postal Service's website shows that Plaintiff has not retrieved the certified mail or arranged for redelivery. Plaintiff's February 27, 2015, deadline for responding to the Order to Show Cause [6] has passed.

"The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 94-95 (1998)(internal citation omitted). The Federal Rules of Civil Procedure provide that "[i]f the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court furthermore has authority to dismiss Plaintiff's case for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630.

## RECOMMENDATION

Based on the foregoing facts and law, the undersigned is of the opinion that Plaintiff's case should be dismissed without prejudice because federal jurisdiction has not been established, and Plaintiff has failed to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within

fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.  *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 3rd day of March, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE